******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

PALMER, J., concurring. I agree with and therefore join the majority opinion. I write separately only to note that, as I read the opinion of the dissenting justice, that opinion seems to be predicated on principles of fundamental fairness. These principles are violated, the dissenting justice suggests, when a juvenile is sentenced to life in prison or its functional equivalent—even if the juvenile is later afforded the opportunity for parole in satisfaction of the requirements of the eighth amendment—if the sentencing judge did not expressly consider the mitigating factors of youth. Those principles, however, are not so much rooted in the eighth amendment but, rather, in the due process clauses of the federal and state constitutions. Because the defendant, William McCleese, has not raised any such due process claim, we must await another day to address it.